## Hemphill *against* Hurford.

Bequest to executors, and the survivor of them, in trust for R. C. H. the sum of $30,000, to be by them invested for his use, and that of his legal representatives, either in real or personal estate, according to their best discretion—the legacy to be paid at the end of three years after decease of testator, unless in the judgment of the executors, or survivor, it may sooner be paid without injury to his estate generally, and to the interests of those to whom the residue was given. *Held*, that after the three years, action lay by the legatee to recover it.

THE following case was stated in an action brought in this court by Robert C. Hemphill, to the use of Thomas C. Rea, assignee, against Lewis Hurford, surviving executor of William Coleman, deceased.

This action is brought to recover $30,000, with interest, being the amount of the legacy mentioned in the following clause in the will of defendant's testator, viz : " I give and bequeath to my executors and the survivor of them, in trust for my nephew, Robert Coleman Hemphill, the sum of $30,000, to be by them invested for his use, and that of his legal representatives, either in real or personal estate, according to their best discretion, this legacy to be paid at the end of three years after my decease, unless in the judgment of my executors or the survivor of them, it may be paid sooner without injury to my estate generally and to the interests of those to whom the residue is given."

Robert Coleman Hemphill, mentioned in the above bequest, is the plaintiff, and the defendant is the surviving executor of the said testator.   William Coleman died on .the 18th day of August 1837.

If the court shall be of opinion on the above facts, that the plaintiff is entitled to recover, their judgment is to be entered in his favour for such sum as may be due by virtue of this bequest — deducting what may be due by Robert Coleman Hemphill to the estate of William Coleman, deceased; and also deducting the collateral inheritance tax due on said legacy — with such interest as may be agreed upon by the counsel, or in default of such agreement, awarded by the court, subject to the question of assets in the hands of the executors or the survivor of them.   If the court shall be of opinion that the plaintiff is not entitled to recover, then judgment is to be entered for the defendant.

*Meredith*, for plaintiff, stated that this case was decided in *Hamersley* v. *Smith*, (4 *Whart.* 126).

*Hazlehurst and Montgomery, contra*, contended that it was a

[Hemphill v. Hurford.]

special and express trust, not an implied one, and the intent of the testator was clear, that the money should be invested for the benefit of R. C. H., so as not to be squandered or liable for his debts, and also for the benefit of his representatives. The executors cannot, therefore, be compelled to pay it over to him or his assignee. They cited 1 *Watts* 370.

The opinion of the Court was delivered by

KENNEDY, J.—The question raised here was decided by this court in the case of *Hamersley v. Smith*, (4 *Whart.* 126). There the testator directed by his will, that the moneys which might be received by his executors from W. F.'s estate, towards the payment of a debt of $10,000, owing to him, should be invested by his executors in trust for the sole use and benefit of his granddaughter, M. F.; but if she should die before him, then he directed that the same should be paid to her daughter. M. F. survived the testator, as also her husband, and married a second time. Held, that the trust for her separate use ceased on her discoverture, and was not revived by her second marriage; and, therefore, that the trustees under an assignment made by her and her second husband, were entitled to recover the fund from the trustee appointed under the will. In the case under consideration, the legatee was at all times *sui juris*; and it does not appear, from anything contained in the will, that it was the intention of the testator to restrain the legatee from disposing of the legacy as he pleased. The mere circumstance of his giving it, in the first instance, to his executors, as trustees, does not indicate any such intention, and it is not pretended that there is anything else which does; for he expressly directs, that the legacy shall be paid by his executors to the legatee himself, at the end of three years from the decease of the testator, at farthest, or sooner, if in the opinion of the executors it can be done without injury to his estate generally, and the interests of those to whom he had given the residue of it. So that the payment of the legacy to the legatee himself, is not postponed on account of any personal objection to his receiving it, but because the testator thought it could not be done, perhaps, without injuring the value of his estate and the interests of those entitled to the residue. It is, therefore, clear, that the testator intended to give the legacy absolutely to his nephew, Robert Coleman Hemphill, without placing it under the control of any other than the legatee himself. The legatee, therefore, had a right to assign it to whom he pleased; and having done so, his assignee is entitled to recover. Judgment is accordingly rendered for the plaintiff.

Judgment for the plaintiff.